# UNITED STATES OF AMERICA
## MERIT SYSTEMS PROTECTION BOARD

| | |
|---|---|
| DENNIS C. MCKEOWN, | DOCKET NUMBER |
| Appellant, | SF-0752-19-0170-I-1 |
| v. | |
| DEPARTMENT OF HOMELAND SECURITY, | DATE: September 13, 2024 |
| Agency. | |

# THIS FINAL ORDER IS NONPRECEDENTIAL[1]

Dennis C. McKeown, Richmond, California, pro se.

Linda M. Aragon, Esquire, Washington, D.C., for the agency.

## BEFORE

Cathy A. Harris, Chairman
Raymond A. Limon, Vice Chairman
Henry J. Kerner, Member

## FINAL ORDER

The appellant has filed a petition for review of the initial decision, which dismissed his appeal of his furlough action as moot. Generally, we grant petitions such as this one only in the following circumstances: the initial decision contains erroneous findings of material fact; the initial decision is based on an erroneous

---

[1] A nonprecedential order is one that the Board has determined does not add significantly to the body of MSPB case law. Parties may cite nonprecedential orders, but such orders have no precedential value; the Board and administrative judges are not required to follow or distinguish them in any future decisions. In contrast, a precedential decision issued as an Opinion and Order has been identified by the Board as significantly contributing to the Board's case law. *See* 5 C.F.R. § 1201.117(c).

interpretation of statute or regulation or the erroneous application of the law to the facts of the case; the administrative judge's rulings during either the course of the appeal or the initial decision were not consistent with required procedures or involved an abuse of discretion, and the resulting error affected the outcome of the case; or new and material evidence or legal argument is available that, despite the petitioner's due diligence, was not available when the record closed. Title 5 of the Code of Federal Regulations, section 1201.115 (5 C.F.R. § 1201.115). After fully considering the filings in this appeal, we conclude that the petitioner has not established any basis under section 1201.115 for granting the petition for review. Therefore, we DENY the petition for review. Except as expressly MODIFIED to clarify the Board's jurisdiction over the appeal and to expand upon the administrative judge's discussion of the appellant's protected disclosures as a part of his whistleblower reprisal affirmative defense, we AFFIRM the initial decision.

The administrative judge determined that the agency's furlough action against the appellant was "completely rescinded" and that he received full back pay and benefits for the time covered by the furlough, and she adjudicated his affirmative defense of whistleblower reprisal based on her finding that he "met his burden to state a cognizable claim of retaliation for whistleblowing activity in connection with an otherwise appealable furlough action." Initial Appeal File (IAF), Tab 16 at 2, Tab 37, Initial Decision (ID) at 4-10. The administrative judge mistakenly found jurisdiction over this appeal under 5 U.S.C. § 7513, which includes furloughs of 30 days or less. *See* 5 U.S.C. § 7512(5). Here, the appellant's furlough lasted 34 days. IAF, Tab 33 at 11-14. A furlough of more than 30 days is appealable to the Board as a reduction-in-force (RIF) action under 5 C.F.R. § 351.901. *See Chandler v. Department of the Treasury*, 120 M.S.P.R. 163, ¶ 5 (2013). To establish the Board's jurisdiction over a RIF appeal, the appellant must show that he was either furloughed for more than 30 days, separated, or demoted by the RIF action. *See Adams v. Department of Defense*,

96 M.S.P.R. 325, ¶¶ 8-9 (2004); 5 C.F.R. § 1201.56(b)(2)(i)(A). Because the record establishes that the appellant was furloughed for 34 days, we find that the appellant established the Board's jurisdiction over this appeal as an appeal of a RIF action.

Additionally, in her adjudication of the appellant's whistleblower reprisal affirmative defense, the administrative judge found that the appellant's disclosure that he reported allegedly fraudulent billing by a Government contractor constituted a protected disclosure under 5 U.S.C. § 2302(b)(8). ID at 6. We emphasize here, however, that the appellant's disclosure did not concern a Federal agency or employee, but rather a Government contractor. IAF, Tab 13 at 1. An allegation of wrongdoing by persons not employed by the Government may constitute a protected disclosure under the whistleblower protection statutes when the Government's interests and good name are implicated in the alleged wrongdoing at issue and when the employee shows that he reasonably believed that the information he disclosed evidenced that wrongdoing. *See Covington v. Department of the Interior*, 2023 MSPB 5, ¶¶ 16, 19; *Arauz v. Department of Justice*, 89 M.S.P.R. 529, ¶ 6 (2001).

Here, the nongovernmental entity is a Government contractor that appears to perform disaster relief tasks in conjunction with the Federal Government, including, among other things, strategically preparing for typhoons or tropical storms by assessing physical effects on infrastructure and analyzing vulnerabilities. IAF, Tab 13 at 35. Because these functions contribute to the public's perception of the Federal Emergency Management Agency's ability to efficiently manage national emergencies, we find that the appellant's disclosure implicates the Government's interest and good name. Further, the administrative judge found that, when the appellant made the disclosure, he reasonably believed that the situation evidenced a gross waste of funds and that his disclosures, therefore, constituted protected disclosures. ID at 6. Accordingly, the administrative judge correctly found that the appellant made a protected

disclosure, and ultimately, that he failed to establish that the furlough constituted reprisal for whistleblowing.

Regarding the appellant's argument on review that the administrative judge erred in excluding testimony from two of his witnesses, the administrative judge provided both parties with multiple opportunities to object to her ruling on witnesses and indicated that failure to do so would waive any future right to do so. IAF, Tab 32 at 9, Tab 34, Hearing Compact Disc (statements by the administrative judge). The appellant did not object and, therefore, he is precluded from challenging the administrative judge's witness rulings on review. *See Alaniz v. U.S. Postal Service*, 100 M.S.P.R. 105, ¶ 9 (2005).

## NOTICE OF APPEAL RIGHTS[2]

The initial decision, as supplemented by this Final Order, constitutes the Board's final decision in this matter. 5 C.F.R. § 1201.113. You may obtain review of this final decision. 5 U.S.C. § 7703(a)(1). By statute, the nature of your claims determines the time limit for seeking such review and the appropriate forum with which to file. 5 U.S.C. § 7703(b). Although we offer the following summary of available appeal rights, the Merit Systems Protection Board does not provide legal advice on which option is most appropriate for your situation and the rights described below do not represent a statement of how courts will rule regarding which cases fall within their jurisdiction. If you wish to seek review of this final decision, you should immediately review the law applicable to your claims and carefully follow all filing time limits and requirements. Failure to file within the applicable time limit may result in the dismissal of your case by your chosen forum.

Please read carefully each of the three main possible choices of review below to decide which one applies to your particular case. If you have questions

---

[2] Since the issuance of the initial decision in this matter, the Board may have updated the notice of review rights included in final decisions. As indicated in the notice, the Board cannot advise which option is most appropriate in any matter.

about whether a particular forum is the appropriate one to review your case, you should contact that forum for more information.

**(1) Judicial review in general**.  As a general rule, an appellant seeking judicial review of a final Board order must file a petition for review with the U.S. Court of Appeals for the Federal Circuit, which must be received by the court within **60 calendar days** of the date of issuance of this decision.  5 U.S.C. § 7703(b)(1)(A).

If you submit a petition for review to the U.S. Court of Appeals for the Federal Circuit, you must submit your petition to the court at the following address:

> U.S. Court of Appeals
> for the Federal Circuit
> 717 Madison Place, N.W.
> Washington, D.C.  20439

Additional information about the U.S. Court of Appeals for the Federal Circuit is available at the court's website, www.cafc.uscourts.gov.  Of particular relevance is the court's "Guide for Pro Se Petitioners and Appellants," which is contained within the court's Rules of Practice, and Forms 5, 6, 10, and 11.

If you are interested in securing pro bono representation for an appeal to the U.S. Court of Appeals for the Federal Circuit, you may visit our website at http://www.mspb.gov/probono for information regarding pro bono representation for Merit Systems Protection Board appellants before the Federal Circuit.  The Board neither endorses the services provided by any attorney nor warrants that any attorney will accept representation in a given case.

**(2) Judicial or EEOC review of cases involving a claim of discrimination**.  This option applies to you only if you have claimed that you were affected by an action that is appealable to the Board and that such action was based, in whole or in part, on unlawful discrimination.  If so, you may obtain

judicial review of this decision—including a disposition of your discrimination claims—by filing a civil action with an appropriate U.S. district court (*not* the U.S. Court of Appeals for the Federal Circuit), within **30 calendar days** after you receive this decision. 5 U.S.C. § 7703(b)(2); *see Perry v. Merit Systems Protection Board*, 582 U.S. 420 (2017). If you have a representative in this case, and your representative receives this decision before you do, then you must file with the district court no later than **30 calendar days** after your representative receives this decision. If the action involves a claim of discrimination based on race, color, religion, sex, national origin, or a disabling condition, you may be entitled to representation by a court-appointed lawyer and to waiver of any requirement of prepayment of fees, costs, or other security. *See* 42 U.S.C. § 2000e-5(f) and 29 U.S.C. § 794a.

Contact information for U.S. district courts can be found at their respective websites, which can be accessed through the link below:

http://www.uscourts.gov/Court_Locator/CourtWebsites.aspx.

Alternatively, you may request review by the Equal Employment Opportunity Commission (EEOC) of your discrimination claims only, excluding all other issues. 5 U.S.C. § 7702(b)(1). You must file any such request with the EEOC's Office of Federal Operations within **30 calendar days** after you receive this decision. 5 U.S.C. § 7702(b)(1). If you have a representative in this case, and your representative receives this decision before you do, then you must file with the EEOC no later than **30 calendar days** after your representative receives this decision.

If you submit a request for review to the EEOC by regular U.S. mail, the address of the EEOC is:

Office of Federal Operations
Equal Employment Opportunity Commission
P.O. Box 77960
Washington, D.C. 20013

If you submit a request for review to the EEOC via commercial delivery or by a method requiring a signature, it must be addressed to:

Office of Federal Operations
Equal Employment Opportunity Commission
131 M Street, N.E.
Suite 5SW12G
Washington, D.C.  20507

**(3) Judicial review pursuant to the Whistleblower Protection Enhancement Act of 2012**.  This option applies to you only if you have raised claims of reprisal for whistleblowing disclosures under 5 U.S.C. § 2302(b)(8) or other protected activities listed in 5 U.S.C. § 2302(b)(9)(A)(i), (B), (C), or (D). If so, and your judicial petition for review "raises no challenge to the Board's disposition of allegations of a prohibited personnel practice described in section 2302(b) other than practices described in section 2302(b)(8), or 2302(b)(9)(A)(i), (B), (C), or (D)," then you may file a petition for judicial review either with the U.S. Court of Appeals for the Federal Circuit or any court of appeals of competent jurisdiction.[3]  The court of appeals must receive your petition for review within **60 days** of the date of issuance of this decision.  5 U.S.C. § 7703(b)(1)(B).

If you submit a petition for judicial review to the U.S. Court of Appeals for the Federal Circuit, you must submit your petition to the court at the following address:

U.S. Court of Appeals
for the Federal Circuit
717 Madison Place, N.W.
Washington, D.C.  20439

---

[3]  The original statutory provision that provided for judicial review of certain whistleblower claims by any court of appeals of competent jurisdiction expired on December 27, 2017.  The All Circuit Review Act, signed into law by the President on July 7, 2018, permanently allows appellants to file petitions for judicial review of MSPB decisions in certain whistleblower reprisal cases with the U.S. Court of Appeals for the Federal Circuit or any other circuit court of appeals of competent jurisdiction. The All Circuit Review Act is retroactive to November 26, 2017. Pub. L. No. 115-195, 132 Stat. 1510.

Additional information about the U.S. Court of Appeals for the Federal Circuit is available at the court's website, www.cafc.uscourts.gov. Of particular relevance is the court's "Guide for Pro Se Petitioners and Appellants," which is contained within the court's Rules of Practice, and Forms 5, 6, 10, and 11.

If you are interested in securing pro bono representation for an appeal to the U.S. Court of Appeals for the Federal Circuit, you may visit our website at http://www.mspb.gov/probono for information regarding pro bono representation for Merit Systems Protection Board appellants before the Federal Circuit. The Board neither endorses the services provided by any attorney nor warrants that any attorney will accept representation in a given case.

Contact information for the courts of appeals can be found at their respective websites, which can be accessed through the link below:

http://www.uscourts.gov/Court_Locator/CourtWebsites.aspx.

FOR THE BOARD:                    _____
                                  Gina K. Grippando
                                  Clerk of the Board

Washington, D.C.